SYLVANUS J. PENNIMAN, and others,

v.

HENRY BRIGGS, and others.

A corporation for manufacturing purposes, formed under the act of the 22d of March, 1811, having ceased to act as a manufacturing company, and being without funds, and indebted, is dissolved, within the intent of the act, so far as to give a remedy to creditors against the individual stockholders.

An election of trustees, made apparently for no purpose, but to keep the company in existence, will not prevent such dissolution.

These are corporations of a new and peculiar character.

It is not necessary, that a judgment of ouster or dissolution should have been pronounced in any other prosecution, before a creditor can maintain an action against stockholders under this law.

In this case, the suit is proper in equity; the necessary contribution constituting the case one of equitable jurisdiction.

1824.
14th Dec.

Manufactu-
ring corpora-
tions.

BILL by creditors, against the persons composing a manufacturing company incorporated under the act of the 22d of March, 1811, charging the company to be dissolved, and seeking payment from the persons composing it, to the extent of their respective shares of stock.

On hearing, the cause was argued by

Mr. John L. Wendell for the complainant, and

Mr. Mitchell for the defendant.

The case is so fully stated by the chancellor, in his opinion, that it is not thought necessary to give a more particular detail of the pleadings; and for the same reason, the arguments of the counsel are omitted.

THE CHANCELLOR. In 1812, an association of persons became a corporation, under the name of the Cambridge farmers' woollen manufactory, in pursuance of the act relative to incorporations for manufacturing purposes: and the company soon after its incorporation, commenced manufacturing operations. In January, 1818, all the real and personal property of this company, was sold by executions; excepting some articles which had been pledged for debts of the company, and which have been since applied to the payment of those debts. The company having ceased to hold any property whatever and being totally insolvent, ceased to manufacture, or to act as a corporation, in any respect. Since the bankruptcy and in July, 1818, an election of trustees was made. This suit was commenced on the seventh day of July, 1819; and the answer of the defendants, was filed, on the second day of August, 1820. The complainants are creditors of the company, and they seek satisfaction from the defendants, as stockholders of the company, at the time of its dissolution.

The statute provides, that for all debts which shall be due from such a company at the time of its dissolution, the persons then composing the company, shall be individually responsible, to the extent of their respective shares of stock.

The complainants insist, that this company is dissolved, and that they are entitled to recover the debt due to them from the company, against the defendants in this suit. The defendants contend, that this company is not dissolved; and also, that no suit can be maintained against them as stockholders, until a dissolution of the company shall have been first judicially declared, in some other course of legal proceedings.

Is this company dissolved?

1824.

Penniman
v.
Briggs.

All the objects for which this corporation was instituted, have been relinquished; all its funds have been applied to the payment of its debts; and some of its debts remain unpaid. It has long since ceased to operate, as a manufacturing company; and excepting an election of trustees since its bankruptcy, it has ceased to act, in all respects whatever. This company has ceased to exist, in fact; and the defendants claim for it, nothing more than a legal or potential existence. A mere omission to exercise a corporate franchise, is not a forfeiture of the franchise, or a dissolution of the corporation. But this is not merely a case of omission to exercise corporate rights. Besides the omission to use the corporate powers, here is an entire inability to exercise them, by reason of a total want of funds. The omission to act, and an inability to act, are facts which attend each other, in this case. Many other corporations, such as those instituted for police, or for the administration of various concerns, civil, religious and literary, may well exist and execute the purposes of their institution, without funds. But funds are essential to a corporation like this; which can never honestly execute any of the purposes of its creation, without property. It is said, that this company may resume the business of manufacturing, and may be revived. It never will be revived, unless its stockholders should advance their private property, to resuscitate a ruined company. Such an event is not to be expected from stockholders, who are now unwilling to discharge the existing debts of this company; nor can it be supposed, that this deceased company, charged with unpaid debts, will be revived in order to manufacture wool, while all persons are at liberty to manufacture without an incorporation, and when a new incorporation for manufacturing, may be easily obtained. The total failure of all the purposes of this incorporation; the length of time which has elapsed since the corporation has fulfilled any of the ends of its institution; the desperate state of its remaining affairs; and all the circumstances of the case; sufficiently show, that this company has virtually surrendered its corporate rights. The true question here, is, whether this company is or is not dissolved, in the sense of the statute authorizing its creation. The statute not only limits the dura-

1824.

PENNIMAN
v.
BRIGGS.

tion of such a company to twenty years, but it also contemplates its dissolution, as an event which may occur, within that term. The remedy given to creditors against stockholders, is evidently intended for every mode of dissolution and for all the cases of dissolution, which may deprive a creditor of an effectual remedy against the corporate body. The Cambridge farmers' woollen manufactory is a company without funds, and utterly bankrupt; a manufacturing company, which does not manufacture; a company which possesses nothing, and for a long time has done no act whatever; an extinct association, whose corporate name seems to be retained and claimed by the associates, merely as a shield to themselves, against personal responsibility. This company is dissolved, in fact; and the case has occurred, in which according to this law, the stockholders are personally responsible to the creditors of the company.

This company is then, dissolved: but no tribunal has adjudged, that it has forfeited its corporate rights, or has lost its legal existence. Is it necessary, that such a judgment should have been pronounced against this corporation, before a creditor can maintain a suit against a stockholder, under this law?

The ordinary modes of proceeding to try the rights of persons claiming corporate powers, or to obtain a judgment that a corporation has forfeited its franchises, are by scire facias and information of the nature of a writ of quo warranto. These proceedings take place on behalf of the public, and in the name of the attorney general. They are public prosecutions which the attorney general may institute; and which he may also refuse to institute or conduct. When the judgment upon these proceedings, is against the corporation, it is, that the parties claiming corporate rights, be ousted, or that the franchises claimed, be seised or resumed by the sovereign. These proceedings derived from the English law, are founded upon the principles of that law, which regards all corporate franchises as delegated portions of the sovereign authority. They are proceedings which are adapted as they were devised, to enforce the rights of the public, against usurpation or abuse of corporate powers. These principles and

1824. proceedings of the English law, are fully applicable to many of our corporations; but they seem to have little application to the manufacturing corporations formed under this statute. The true character of these corporations is justly described by chief justice Spencer, in the commencement of his opinion, in the case of Slee against Bloom, 19 Johns. 473. They are corporations of a new and peculiar species. They are corporations for the pursuit of a branch of industry, which is open to all; and these incorporations are themselves equally open to all, who conform to the regulations of the statute. They are in effect, mere partnerships, with some of the powers and privileges of corporations. They are in some respects, the corporations of the English law; but they bear a greater resemblance to the corporations of the civil law, which were voluntary associations. They are little more than the limited partnerships, which may now be created, under the law of the seventeenth day of April, 1822. The state has no interest in the question whether this manufacturing company is dissolved or not; and a public prosecution to vacate its corporate existence, is a measure not within the power or control of the creditors of the company. The persons interested in the question whether this company is dissolved or not, are its creditors and the stockholders from whom its debts are claimed. To require that a creditor should by a public prosecution, obtain a formal sentence of dissolution against the corporation, before he can institute a suit against the stockholders, would be to require of the creditor that which is beyond his power; and would frustrate the remedy against stockholders given by the statute. The personal responsibility of stockholders, being only for debts due from the corporation at the time of its dissolution, a creditor claiming such a debt against a stockholder, must show, not only, a debt from the corporation, but also that the corporation is dissolved. The inquiry whether the corporation is dissolved or not, is as fully open, in a suit by a creditor against the stockholders, as it would be in a prosecution by the attorney general; and when the creditor shows, that the corporation is dissolved, that fact must avail him as fully, as if the same fact had been established upon a public information. The right

PENNIMAN<br>v.<br>BRIGGS.

given to the creditor against the stockholders, is perfect ; and the remedy to enforce it, must be adequate and effectual. In this manner, justice is done to both parties. The stockholders are not rendered personally liable, until the question of dissolution is properly litigated and determined between them and the creditor ; and a suit by the creditor, is the only mode in which he can assert his rights, and show that the corporation is dissolved.

I am accordingly of opinion, that it is not necessary, that a judgment of ouster or dissolution, should have been pronounced in any other prosecution, before a creditor can maintain an action against a stockholder, under this law. The question of dissolution, may be litigated in a suit by the creditor against the stockholders ; and so far as the creditor is concerned, the dissolution of the company, may be adjudged, in such a suit.

It is not necessary here, to declare, that this company has lost all its rights. No judgment of ouster or forfeiture, can here be rendered against the corporation. The decision that this company is dissolved, is now, made, for the purposes of justice between the parties in this suit. I apply to this case, the opinion of chief justice Spencer, in the case of Slee against Bloom, that even if this corporation has a capacity to reorganise itself, the case has happened in which, in respect to its creditors, it is dissolved.

The defendants also object, that if this company is dissolved, the remedy of the complainants, is at law. The contribution which equity requires from the several defendants for the discharge of the debt of the company to the complainants, can not be enforced at law, or can not be there enforced, without numerous suits. This reason alone, constitutes the case one of equitable jurisdiction.

The defendants being responsible to the complainants for the debt due from the company, it is referred to a master, to ascertain the proportions of that debt, with which the defendants are respectively chargeable.